STATE v. J. B. WILSON.

*Indictment for Obtaining Money Under False Pretences—*
*Indictment, Sufficiency of.*

A bill of indictment for obtaining money under false pretences,
which fails to charge that it was obtained "feloniously" (as
required by Ch. 205, Acts of 1891) is fatally defective.

INDICTMENT for obtaining money under false pretences,
tried before *Coble, J.,* and a jury, at February Term, 1895,
of VANCE Superior Court. There was a verdict of guilty
and the defendant moved in arrest of judgment on the
ground that no criminal offence was charged in the bill of
indictment, and appealed from the refusal of the motion.

The indictment was as follows:

" The Jurors for the State upon their oaths present:
That J. B. Wilson, late of the County of Vance, on the
22nd day of October, in the year of our Lord one thousand
eight hundred and ninety-four, at and in the county of
Vance, unlawfully and knowingly devising and intending
to cheat and defraud Anderson Hester of his goods, mon-
eys, chattels, and property, did then and there unlawfully,
and designedly falsely pretend to Anderson Hester,
knowingly, that he, the said J. B. Wilson, had a partner
with a wagon on the way from Louisburg, bringing a lot of
dress goods, and that he gave every purchaser of his hair-
tonic, a dress pattern of 14 yards of said goods, and that if
he would pay him, the said Wilson, fifty cents for a bottle
of said medicine, he, the said Wilson, would on the mor-
row, upon the arrival of his wagon and partner, deliver to
the said Anderson Hester 14 yards of dress goods, and did
further represent that he had sold to the wife of John I.
Rowland a bottle of said hair-tonic, and she had gotten her
dress goods, and was well pleased with it. He also showed
samples of the goods he represented to have:

"Whereas, in truth and fact, the said Wilson had no wagon and partner on the road from Louisburg bringing dress goods, and had no wagon at all, and had no dress goods, but is but a traveler carrying a colored fluid which he represents to be a hair vigor, which is worthless, and to obtain fifty cents for every bottle disposed of, represents that he will give a dress pattern with each bottle and proposes to sell only to the ignorant and unsuspecting; and further that he had not delivered to the wife of John I. Rowland any goods as he, the said J. B. Wilson, well knew to be false, by color and means of said false pretense and pretences, he, the said J. B. Wilson, did then and there unlawfully and knowingly designedly obtain from the said Hester, fifty cents, being then and there the property of the said Hester, with intent to cheat and defraud the said Hester, to the great damage of the said Hester, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

*The Attorney General*, for the State.
*Messrs. Hicks & Hicks*, for defendant (appellant).

FAIRCLOTH, C. J.: The defendant is indicted for obtaining goods under false pretences. He was convicted and he entered a motion to arrest the judgment, which was refused and he appealed.

The indictment fails to charge that the goods were obtained "feloniously" and is therefore fatally defective. This is so by reason of the Act of 1891, Ch. 205. *State* v. *Bryan*, 112 N. C., 848; *State* v. *Caldwell, Ibid*, 854, and authorities there cited.

Judgment Arrested.