STATE v. MAY.

(Filed April 7, 1903.)

1. ABANDONMENT—*Husband and Wife—Failure to Support—Indictment—The Code, Secs. 970 and 972—Acts 1889, Ch. 504—Acts 1899, Ch. 83.*

   An indictment against a husband for abandoning his wife must aver his failure to support her.

2. VERDICT—*Indictment—Counts—Evidence — Instructions — Argument of Counsel—Trial—Presumptions.*

   Where an indictment contains two counts, but the evidence, instructions of the trial judge and the argument of counsel refer to one count only, it will be presumed that the verdict followed the trial and related to such count.

3. INDICTMENT—*Counts.*

   A defective count in an indictment cannot be aided by reference to another count.

INDICTMENT against Frank May, heard by Judge *Walter H. Neal* and a jury, at June Term, 1902, of the Superior Court of GUILFORD County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*John A. Barringer,* for the defendant.

DOUGLAS, J.   The defendant was indicted under Section 970 of The Code for abandonment, in the following words: "The jurors for the State upon their oaths present that Frank May, late of said County of Guilford, on the .... day of January, 1902, at and in the county aforesaid, unlawfully and wilfully did abandon his wife, one Mary May, and the children which he, the said Frank May, upon the body of his said wife had theretofore begotten, contrary to the statute in such cases made and provided and against the peace and dignity of the State."

There was a second count in the bill of indictment charging the defendant under Section 972 of The Code, with neglecting and refusing to provide adequate support for his wife and children while living with them; but it is evident from the record that the defendant was tried on the first count alone.   As far as we can see, the entire evidence, the judge's charge and the argument of counsel referred only to that count, and we must therefore presume that the verdict followed the trial.   *State v. Long,* 52 N. C., 24; *State v. Leak,* 80 N. C., 403; *State v. Thompson,* 95 N. C., 596; *State v. Gilchrist,* 113 N. C., 673.

Section 970 of The Code is as follows:   "If any husband shall wilfully abandon his wife without providing adequate support for such wife, and the children which he may have begotten upon her, he shall be guilty of a misdemeanor." This action was amended by Chapter 504 of the Laws of 1889 by bringing the offense within the jurisdiction of a justice of the peace, but this amendment was subsequently repealed by Chapter 83 of the Laws of 1893.   *State v. Woolard,* 119 N. C., 779.

A comparison of the indictment with the section of The Code under which it was drawn shows a fatal defect, inasmuch as it charges a simple abandonment without a failure to support.   In legal effect, it charges no offense whatever be-

cause it fails to charge the acts necessary to constitute an offense. *State v. Hopkins,* 130 N. C., 647. The first count can not be aided by reference to the second count. It is settled that "a count in a bill of indictment must be complete in itself, and contain all the material allegations which constitute the offense charged." *State v. Phelps,* 65 N. C., 450.

What we have already said is sufficient for the determination of the case at bar, and hence it becomes unnecessary for us to consider the remaining exceptions. We do not wish, however, to be considered as overruling them, as at least one of them might give us serious trouble were it essential to this appeal. The judgment of the court below is

Arrested.