STATE v. BEN RATLIFF.

(Filed 17 November, 1915.)

1. **Indictment—Motion to Quash—Insufficiency—Seduction—Interpretation of Statutes.**

   Where an indictment for seduction under promise of marriage conforms with the statute except in the charge that the prosecutrix was an "innocent and virtuous" woman, omitting the word "and," the omission does not make the indictment fatally defective, for the expressions used supply the omission, and a motion to quash will be refused; and as a comma between the words "innocent" and "virtuous" would have the same effect, it would be the same as if the indictment had been imperfectly punctuated, which is not material. Revisal, secs. 3254, 3255.

2. **Indictment—Sufficiency—Judgment—Motion in Arrest—Interpretation of Statutes.**

   A motion in arrest of judgment on the ground that the bill of indictment is defective will not be granted unless it appears that the bill is so defective that judgment cannot be pronounced upon it. Revisal, sec. 3254.

APPEAL by defendant from *Rountree, J.,* at January Term, 1915, of ANSON.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*Robinson, Caudle & Pruette and John W. Gulledge for defendant.*

CLARK, C. J. The defendant was convicted of seduction under promise of marriage. He moved in arrest of judgment upon the ground that the indictment, otherwise following in every respect the wording of this offense as defined in Revisal, 3354, omitted the word "and" by charging the prosecutrix as "being an innocent virtuous woman," instead of "an innocent and virtuous woman," in the exact words of the statute.

Revisal, 3254, prescribes: "Every criminal proceeding by warrant, indictment, information, or impeachment shall be sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding sufficient matters appear to enable the court to proceed to judgment."

Revisal, 3255, provides that no judgment upon any indictment for felony or misdemeanor, whether after verdict or by confession, or otherwise, shall be stayed or reversed for the want of the averment of any unnecessary matter.

At the time when in the English courts 204 offenses were punished capitally the judges were moved by considerations of humanity to be astute in finding defects in indictments, or in process, in cases when defendants might be punished beyond their deserts. The reason has long since ceased, and our statutes have forbidden the courts to quash or to arrest judgment where the defect alleged is not prejudicial.

*Chief Justice Ruffin* in *S. v. Moses,* 13 N. C., 464, referring to these curative statutes, above cited, says: "Many sages of the law had before called nice objections of this sort a disease of the law and a reproach to the Bench, and lamented that they were bound down to strict and precise precedents. . . . We think the Legislature meant to disallow the whole of them." This case has been cited with approval in many cases, among them, in *S. v. Smith,* 63 N. C., 234, in which the Court said that these statutes have "received a very liberal construction, and their efficiency has reached and healed numerous defects in the substance as well as the form of indictments. . . . It is evident that the courts have looked with no favor on technical objections, and the Legislature has been moving in the same direction. The current is all one way, sweeping off by degrees 'informalities and refinements' until, indeed, a plain, intelligible, and explicit charge is all that is now required." The

subject is fully discussed, with citation of many cases, in *S. v. Barnes,* 122 N. C., 1131, and in subsequent cases in the citations thereto in Anno. Ed.

A motion in arrest of judgment after conviction, on the ground that the bill of indictment is defective, will not be granted unless it appears that the bill is so defective that judgment cannot be pronounced upon it. *S. v. Francis,* 157 N. C., 612.

"The omission of a word which is not descriptive of the offense, and which does not affect the plain meaning of the indictment, is not fatal." 22 Cyc., 292; Bishop New Cr. Proc. (2 Ed.), sec. 354; 10 Enc. Pl. and Pr., 478.

The inadvertent omission of words not affecting the substance of the charge or prejudicing the defendant is not fatal. *S. v. Burke,* 108 N. C., 750, and cases there cited. The omission of the word "wound" in an indictment for murder was held not fatal, long before the adoption of the present short form of indictment for murder under Revisal, 3245. *S. v. Rinehart,* 75 N. C., 58. The omission of the word "year" in setting out the conditions of a lease was held to be a mere informality under the statute and not ground in arrest of judgment. *S. v. Walker,* 87 N. C., 541; *S. v. Lane,* 26 N. C., 113. In *S. v. Van Doran,* 109 N. C., 866, it was held that the use of "or" instead of "and" is not a defect unless it could be seen that it prejudiced the defendant.

The words "innocent virtuous" can have but one meaning, which is that the prosecutrix was "innocent and virtuous," it being clearly an elliptical expression. If a comma had been used it would have fully supplied the place of "and," and bad punctuation certainly does not vitiate an indictment any more than bad grammar.

The courts have long since passed the point where such objections as this can receive serious consideration. *S. v. Washington,* 13 S. C., 453; *Sheldon v. Lewis,* 97 Ill., 643; 22 Cyc., 291, and notes.

As the defendant had no exception on the merits or to any incident on the trial, either in the evidence or to the charge, or otherwise, it was possibly admissible for him to make an appeal for delay on this ground. The case, having been tried last January, should have been docketed here at the Spring Term, and this not having been done, the appeal should have been dismissed. The attention of solicitors and counsel was called to this matter, *S. v. Trull,* 169 N. C., at p. 369, in which we said that the statute regulating appeals must be complied with as to time— as in other respects.

The refusal to arrest judgment is
Affirmed.