STATE v. THEODORE TURNER.

(Filed 19 April, 1916.)

**1. Intoxicating Liquor—Evidence.**

Where the evidence on the trial for violating our prohibition law is sufficient for conviction, testimony of a witness that he had on two former occasions found bags of empty jugs, etc., in a woods back of the defendant's dwelling, and some whiskey in the defendant's pantry, will be received as a pregnant circumstance, though in itself it may be insufficient to convict.

**2. Criminal Law — Evidence — Defendant Not Testifying — Explanatory Evidence.**

Where the defendant is charged with violating our prohibition law, an instruction of the court is not erroneous which, in effect, tells the jury, specifically, that they should not consider the defendant's failure to testify, but if they found that the defendant could have explained the State's incriminating evidence by other witnesses, and failed to do so, they may consider such circumstance against him. *Goodwin v. Sapp*, 102 N. C., 482, cited and applied.

CRIMINAL ACTION, tried before *Allen, J.,* at December Term, 1915, of DURHAM.

Defendant was tried on a warrant charging him with selling liquor and with having liquor in his possession for sale. He was convicted, and appealed to the Superior Court, when he was again convicted and sentenced to two years in jail, to be assigned to work on the public roads. From the sentence of the court the defendant appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Brawley & Gantt, Sandy Graham for defendant.*

BROWN, J. The testimony tends to prove that the defendant had a handbag in his buggy on his way to Hayti, a colored settlement in Durham. The witness Walla took the handbag out of Turner's buggy, but was arrested before he reached Hayti. After Walla took the handbag it was not opened until Walla was arrested, when the officer opened it and found four quarts of whiskey in it in quart bottles. There was testimony that there were sacks under the seat of the defendant's buggy with something in them that looked like jugs, and further that the defendant wanted Walla to buy some wine jugs to put wine in.

Another witness testified that he purchased liquor from a colored man at defendant's house and in defendant's presence, and that the liquor was brought out of the house and delivered to him; that the witness bought liquor at the defendant's house several times.

Another witness testified that he bought whiskey at defendant's four or five times, and that when witness worked for defendant he had whiskey at his home, and that the witness had once unloaded a wagon-load and carried it into the defendant's house.

E. G. Belvin, in reply to a question as to what he knew about the defendant engaging in the business of selling liquor, said: "We have had right much complaint from out there, and went out and searched on two occasions. Sheriff and myself went back of his house a couple of hundred yards in the woods. We found three sacks full of empty one-gallon jugs—both glass and stone jugs—several empty kegs and several larger jugs, barrel recently emptied of whiskey, and ground had recently been trampled around there. We found some whiskey in his pantry, right back of the kitchen."

The defendant excepts to the above testimony. The exception is without merit. While the testimony of Belvin, standing alone, would probably be insufficient to convict the defendant of selling whiskey or of keeping it for sale, yet, taken in connection with all the other evidence in this case, it is a pregnant circumstance.

His Honor instructed the jury as follows: "The defendant is not required to go upon the witness stand. The law permits a party to go on the witness stand. If he feels that the State has offered evidence against him, the law allows him to do it. If he wishes to rely upon the fact that the evidence is not to be believed, and sees fit to stay off the stand, the law says that ought not to be used against him. If there are other facts that could be produced to clear up the matter, and if he failed to do it, then those facts might be used against him. If you can see from the case, from the evidence, that he could have explained his whereabouts, or whether he was with that negro or not, by other witnesses, then he should have offered them; but if you can see he had no opportunity of offering any other witnesses to show he was not with him or had no whiskey, then that would not be considered."

To this charge the defendant excepted.

The court distinctly charged the jury that they should not consider the failure of the defendant to testify, but if they found that the defendant could by other witnesses have explained the incriminating circumstances testified to by the State's witnesses, and failed to do so, the jury might consider the failure of the defendant to introduce such explanatory testimony as a circumstance against him. This was well within the rule stated in the case of *Goodman v. Sapp,* 102 N. C., 482, and cannot fairly be construed as commenting upon the failure of the defendant to offer himself as a witness in his own behalf. See, also, *Yarborough v. Hughes,* 139 N. C., 209; 16 Cyc., 1062.

We have examined, also, the other exceptions to the charge taken by the learned counsel for the defendant, and have carefully considered the

earnest argument in support of them. We are of opinion, nevertheless, that his Honor fairly and fully presented the case to the jury; and that there is no substantial error in the charge which would warrant us in ordering another trial.

No error.