The indictment is for violation of prohibition laws of State, and contains five counts, and the case on appeal states that defendant was acquitted on all of the counts except the count which charged receipt of more than a quart within fifteen days, this being the fourth count in the bill.
There was judgment that defendant be imprisoned for nine months, and assigned to work on the roads of Rowan County. From which judgment defendant appealed, assigning errors.
The record shows that the count on which the jury rendered a verdict does not contain the name of the defendant, or any name whatever. It is very generally held in an indictment consisting of several counts that each count should be complete in itself, and that in order to this some name should be given the defendant. If it is the wrong name, or defectively stated, the question should ordinarily be raised by plea in abatement or motion to quash, but where no name at all appears in the bill or in the only count on which a conviction is had, it is held in this jurisdiction that such a charge is fatally defective, and the judgment must be arrested.S. v. Anderson Phelps, 65 N.C. 450. And this course should be taken though the question is presented for the first time in the Supreme Court on appeal. S. v. Lumber Co., 109 N.C. 860; S. v. Caldwell, 112 N.C. 854;S. v. Goings, 98 N.C. 766.
This will be certified that the judgment on the present conviction be arrested.
Reversed.