### STATE v. CLARENCE AND CLAUDE SCHOOLFIELD.

(Filed 15 November, 1922.)

**1. Instructions—Criminal Law—Reasonable Doubt—Appeal and Error.**

It is not reversible error for the trial judge, in his instructions in a criminal action, to charge the jury, in several parts thereof, to convict the defendant if certain phases of the evidence satisfies them as to certain facts, leaving out the requirement of the State's showing guilt beyond a

46—184

reasonable doubt, when construing the charge as a connected whole it appears that he has clearly and unmistakably charged them elsewhere that the State must satisfy them of the defendant's guilt beyond a reasonable doubt, and upon its failure to have done so, to give the defendant the benefit thereof and acquit him.

### 2. Criminal Law—Reasonable Doubt Defined.

The reasonable doubt of defendant's guilt in a criminal action beyond which the State must satisfy the jury is not a vain, imaginary, or fanciful doubt; and it is required that the jury be entirely satisfied or convinced of the defendant's guilt, before convicting him, or that they be satisfied thereof to a moral certainty, after considering, comparing, and weighing all the evidence; and if then there should be a reasonable doubt existing in their minds, as to his guilt of the offense charged, their verdict should acquit him.

APPEAL by defendant Claude Schoolfield from *Harding, J.,* at August Term, 1922, of GUILFORD.

Criminal prosecution, tried upon an indictment charging the defendants with the forgery of a check, and also with uttering the same with intent to defraud, knowing it to have been falsely forged. C. S., 4293 and 4294.

Clarence Schoolfield was acquitted. His codefendant, Claude Schoolfield, was convicted, and from the judgment pronounced he appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*S. B. Adams and R. C. Strudwick for defendant.*

STACY, J. The only serious exception appearing on the record is the one directed to the following portion of his Honor's charge:

"Reasonable doubt, gentlemen, however, does not mean any and all possible doubt. It does not mean that you are to sit in the jury box and refuse to convict any man of a charge of violating the law until your mind has been disabused of all possible peradventure of a doubt. That is not what the law contemplates by a reasonable doubt; but a reasonable doubt means that when you have heard all of the evidence in the case, when you have heard the arguments and contentions of the State and of the defendants, when you have heard the instructions of the court as it endeavors to apply the rules of law in the case to the evidence for your consideration, does that satisfy you—does the evidence in this case, or the lack of evidence in this case, raise in your mind that sort of a doubt which would be raised in the mind of a man possessed of his reasonable and normal faculties when considering it all? If the State has satisfied you that the defendants are guilty beyond a reason-

able doubt, it would be your duty to convict them. If it has failed to so satisfy you, then it is your duty to give them the benefit of the doubt and acquit them."

It is the contention of the defendant that the use of the words "Does that satisfy you?" in the above charge was insufficient, and should be held for reversible error. This interrogatory expression, taken in connection with the context and the manner in which it was used, could hardly have left an erroneous impression with the jury. His Honor immediately added: "If the State has satisfied you that the defendants are guilty beyond a reasonable doubt, it would be your duty to convict them. If it has failed to so satisfy you, then it is your duty to give them the benefit of the doubt and acquit them."

Nor do we think the instruction is subject to the criticism that the defendants were required to satisfy the jury of any fact. His Honor repeated the statement several times in the charge that the burden was on the State to satisfy the jury of the defendant's guilt beyond a reasonable doubt before a verdict could be rendered against them.

A reasonable doubt is not a vain, imaginary, or fanciful doubt, but it is a sane, rational doubt. When it is said that the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, it is meant that they must be "fully satisfied" (S. v. Sears, 61 N. C., 146), or "entirely convinced" (S. v. Parker, 61 N. C., 473), or "satisfied to a moral certainty" (S. v. Wilcox, 132 N. C., 1137), of the truth of the charge, S. v. Charles, 161 N. C., 287. If after considering, comparing, and weighing all the evidence the minds of the jurors are left in such condition that they cannot say they have an abiding faith, to a moral certainty, in the defendant's guilt, then they have a reasonable doubt; otherwise not. Commonwealth v. Webster, 5 Cushing (Mass.), 295; 52 Am. Dec., p. 730; 12 Cyc., 625; 16 C. J., 988; 4 Words and Phrases, 155.

After a careful consideration of the record, we have found no error, and this will be certified.

No error.