### STATE v. RANSOM TYNDALL.

(Filed 23 March, 1949.)

**1. Criminal Law § 53b—**

> Where at the beginning of the charge the court instructs the jury as to the common law presumption of innocence in defendant's favor and places on the State the burden of proving defendant's guilt beyond a reasonable doubt, and at the beginning of the instruction complained of, repeats the charge upon the burden of proof, it will not be held for reversible error that the court, in charging upon the question of manslaughter failed to charge again upon the burden of proof, since the charge will be construed contextually and it is not required that the court repeat the burden of proof each time it refers to any finding on the evidence.

**2. Same—**

> The burden is on the State to establish the guilt of the accused beyond a reasonable doubt, and not on the defendant to raise a doubt as to his guilt, and therefore reasonable doubt may arise from lack or deficiency of evidence as well as on the evidence introduced.

APPEAL by defendant from *Williams, J.,* November Term, 1948, of HARNETT.

Criminal prosecution on indictment charging the defendant with the murder of one Fred Norris.

The defendant operates a barber shop, and his wife a cafe, known as Ju Bill's Place, in connection with their home on the Dunn-Erwin Highway in Harnett County. Around 7 o'clock on Sunday evening, 5 September, 1948, Fred Norris came to the cafe and wanted an order of fried chicken in which Mrs. Tyndall specialized. Norris was drinking and a controversy ensued between him and the defendant.

The State's evidence tends to show that the defendant struck Norris with his fist, knocked him to the ground in front of the cafe, kicked and stomped him about the face and head, causing brain hemorrhages which resulted in his death.

The defendant testified that he struck the deceased only with his fists, in self-defense; that he did not kick him while down, and that his death was unexpected. He was unable to account for the lacerations about the face and head of the deceased.

Verdict: Guilty of manslaughter.

Judgment: Imprisonment in the State's Prison for not less than 15 nor more than 20 years.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Wilson & Johnson and Neill McK. Salmon for defendant.*

STACY, C. J. The only exceptive assignment of error discussed in appellant's brief is the one addressed to the following portion of the charge:

"If you find from evidence beyond a reasonable doubt, that on this night, the 5th of September 1948, the defendant unlawfully did assault and kill the deceased Norris with malice, it would be your duty to render a verdict of guilty of murder in the second degree; but if you have a reasonable doubt of that and (if you find that on the night in question, the 5th of September 1948, at Ju Bill's Place the defendant committed an assault upon the deceased and inflicted upon him wounds which caused his death, it would be your duty to return a verdict of guilty of manslaughter)." Defendant excepts to portion in parentheses.

The vice of this instruction, it is contended, consists not in its substantive features but in the failure to require the prosecution to establish the elements of manslaughter beyond a reasonable doubt.

At the outstart of the court's charge he told the jury that the defendant entered upon the trial with the common-law presumption of innocence in his favor and that the prosecution had the burden of establishing his guilt beyond a reasonable doubt. *S. v. Grass,* 223 N.C. 31, 25 S.E. 2d 193. Then again at the beginning of the instruction, here assigned as error, the prosecution was correctly assigned the burden of proof, with the proper intensity, and we apprehend the jury must have understood the same rule applied to both degrees of an unlawful homicide then under consideration, *i.e.,* murder in the second degree and manslaughter. True it is, that the instruction might have been clearer, but the *lapsus linguæ,* if, indeed it be such, appears too innocuous and the assignment of error too attenuate to work a new trial of the cause. *S. v. Orr,* 175 N.C. 773, 94 S.E. 721.

Speaking to a similar exception in *S. v. Killian,* 173 N.C. 792, 92 S.E. 499, *Walker, J.,* delivering the opinion of the Court, said: "The objection

to the charge is without real merit. The judge, in opening his charge, told the jury that the burden of proof was upon the State, and that they must be satisfied of the guilt of the prisoner beyond a reasonable doubt before they could convict him. It was not necessary that he should repeat this rule of law every time he referred to any finding from the evidence, as he had sufficiently instructed them as to the burden and the *quantum* of proof, and this applied to his charge throughout. We should construe the charge as a whole."

In defining a reasonable doubt the court instructed the jury as follows: "A reasonable doubt is not a vain, imaginary, fictitious or possible doubt, but it is a sane, rational doubt growing out of the evidence in the case supported by common sense and reason."

Reference is made to this definition because of the use of the expression "growing out of the evidence in the case." True it is, that a reasonable doubt may grow out of the evidence in the case. It is also true that it may arise from a lack of evidence, or from its deficiency. In a criminal prosecution the burden is on the State to establish the guilt of the accused beyond a reasonable doubt, and not on the defendant to raise a doubt as to his guilt. *S. v. Steele,* 190 N.C. 506, 130 S.E. 308; *S. v. Sigmon,* 190 N.C. 684, 130 S.E. 854; *S. v. Schoolfield,* 184 N.C. 721, 114 S.E. 466.

While not assigned as error in this case, attention is called to the expression because of its incompleteness and mayhap insufficiency. *S. v. Pierce,* 192 N.C. 766, 136 S.E. 121.

On the record as presented, no reversible error has been made manifest. Hence, the validity of the trial will be upheld.

No error.