STATE v. CORRIE CAMEL.

(Filed 11 May, 1949.)

**1. Intoxicating Liquor § 9a: Indictment § 11—**

     A warrant which, stripped of nonessential words, charges defendant with unlawful possession of a quantity of nontax-paid whiskey, *is held* sufficient to survive a motion to quash. G.S. 15-153.

**2. Intoxicating Liquor § 9a: Indictment § 10—**

A count in an indictment which does not name the person charged is insufficient to support a verdict and judgment.

**3. Indictment § 13—**

Where the warrant upon which defendant is tried contains two counts, and one of them is sufficient to empower the court to render judgment, defendant's motion to quash is properly denied.

**4. Intoxicating Liquor § 9d—**

Evidence of defendant's illegal possession of a considerable quantity of nontax-paid whiskey *held* sufficient to carry the case to the jury on that count, and defendant's motion to nonsuit thereon was properly denied.

**5. Criminal Law § 81c (5)—**

Where it appears that the verdict of the jury found defendant guilty upon both of two counts in a warrant, one of which counts was legally insufficient to support a verdict or empower the court to render judgment thereon, a single judgment rendered on the verdict will be remanded for proper judgment on the valid count.

APPEAL by defendant from *Clement, J.,* January Term, 1949, of BUNCOMBE.

*Attorney-General McMullan and Assistant Attorney-General Bruton and John R. Jordan, Jr., Member of Staff, for the State.*

*Sale, Pennell & Pennell for defendant, appellant.*

DEVIN, J.   The criminal prosecution of the defendant was inaugurated by the issuance of a warrant out of the Police Court of Asheville charging that "Corrie Camel did unlawfully, wilfully and feloniously have and/or keep in her possession a certain quantity of illegal nontax-paid whisky, to-wit, in violation of the ABC Store Act.   Second count: Have or keep in her possession for the purpose of selling or giving away a certain quantity of illegal nontax-paid whisky."   Upon the defendant's appeal from conviction in the Police Court, the case was tried on the same warrant in the Superior Court, where the jury returned verdict of "guilty of unlawful possession of whisky, and keeping liquor for sale." Judgment on the verdict was rendered, imposing prison sentence of twelve months.   The defendant appealed to this Court.   Error is assigned in the trial below in three particulars.

(1) The defendant in apt time moved to quash the warrant on the ground that it did not express a charge against the defendant in a plain, intelligible and explicit manner.   While the warrant was inexpertly drawn, we think the first count therein stripped of nonessential words does set out a charge of unlawful possession of whisky, sufficiently ex-

pressed to survive a motion to quash. G.S. 15-153; *S. v. Howley,* 220 N.C. 113, 16 S.E. 2d 705.

As to the second count in the warrant, it is obvious that the failure to name the person charged renders it insufficient to support verdict and judgment on that count. *S. v. McCollum,* 181 N.C. 584, 107 S.E. 309; *S. v. May,* 132 N.C. 1020, 43 S.E. 819; *S. v. Phelps,* 65 N.C. 450. Apparently the jury by the verdict of guilty of unlawful possession, and also of keeping liquor for sale, found the defendant guilty on both the first and second counts. However, so much of the verdict as found the defendant guilty of unlawful possession of whisky as charged in the first count was sufficient to empower the court to render judgment thereon. The motion to quash was properly denied.

(2) The defendant's exception to the denial of her motion for judgment as of nonsuit cannot be sustained. There was sufficient evidence of unlawful possession of a considerable quantity of nontax-paid whisky to carry the case to the jury on the first count in the warrant. *S. v. Barnhardt, ante,* 223, 52 S.E. 2d 904.

(3) It appears, however, that a verdict was rendered which must be interpreted as specifically finding defendant guilty upon both of two counts in the warrant, one of which counts was legally insufficient to support a verdict or warrant the imposition of judgment. On this verdict a single judgment was rendered. Presumably this was based upon consideration of guilt on both charges. We think the defendant entitled to have the case remanded for proper judgment only on the count to which there was no valid objection. This view is supported by what was said in *S. v. Braxton, ante,* 312 (315), 52 S.E. 2d 895.

Remanded for judgment.