## STATE v. TOM WOOD.

(Filed 19 October, 1949.)

**1. Criminal Law § 50d—**

A remark of the court, made during the selection of the jury, that it was no reflection on the prospective juror's mentality that he did not understand certain principles of law "as some professors know little, if anything, except about what they teach," *is held* not to constitute prejudicial error, since it was not addressed to the testimony of defendant's witness, a psychiatrist and college professor, who later testified solely on the question of mental capacity, and further did not purport to disparage the testimony of a college professor in his field.

**2. Criminal Law § 53b—**

An instruction that reasonable doubt is a' doubt based on reason and common sense arising from the testimony in the case, cannot be held for prejudicial error when the court immediately thereafter charges that if, upon the conclusion of all the testimony and arguments and the charge, the jury does not have an abiding faith to a moral certainty of defendant's guilt to acquit him, certainly where testimony of defendant's admission of guilt comes from his own witnesses.

**3. Criminal Law § 5c—**

The burden is upon defendant to prove his defense of insanity to the satisfaction of the jury.

**4. Criminal Law § 53h—**

A charge to the effect that a defendant has a right not to testify and that his failure to testify should not be considered as a circumstance against him, will not be held for error on the ground that it called to the jury's attention the fact of defendant's absence from the stand. G.S. 8-54.

APPEAL by defendant from *Burgwyn, Special Judge,* at March Term, 1949, of HARNETT.

Criminal prosecution on indictment charging the defendant with the murder of his wife, Ruby Wood.

On the afternoon of 12 December, 1948, the defendant and his wife left their mill-village apartment in the Town of Erwin and went off, walking in the direction of the neighborhood milldam and creek. The defendant returned sometime during the night or in the early morning hours. His wife did not. Three days later her body was found partly submerged in the waters of the creek. Examination revealed that she had been brutally stabbed to death by someone using a sharp instrument. Any one of several stabs about her head and chest were lethal in character.

Following an investigation, the defendant was arrested and charged with the murder of his wife. At first he denied it, and sought to give some explanation of her disappearance. Later he confessed to his own witness, Dr. George Silver and others, that "I killed my wife."

On the hearing, the defendant entered a plea of mental irresponsibility induced by an insane delusion that his wife was unfaithful to him and had been running around with other men. It was conceded on the hearing that the deceased was a woman of excellent character. Two psychiatrists supported the defendant in his plea of insanity.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant-Attorney-General Moody for the State.*

*Everette L. Doffermyre for defendant.*

STACY, C. J. The defendant has been convicted of murder in the first degree, uxoricide, with no recommendation from the jury and sentenced to die as the law commands. He appeals, assigning as errors an incautious remark of the judge during the selection of the jury, and alleged inaccuracies in the charge.

During the selection of the jury and after four jurors had been seated, the next prospective juror expressed some doubt on the *voir dire* as to his ability to distinguish between the different degrees of an unlawful homicide or to appreciate the significance of a reasonable doubt. Whereupon counsel for defendant asked the court to excuse the juror. In response, the court remarked: "It is no reflection on the juror's mental capacity not to know these things, as some college professors know little, if anything, except about what they teach." The defendant objected and excepted to the remark. The court found that no prejudice had resulted therefrom to the defendant as no college professors were on the jury, but did excuse the juror for cause. He was not asked to do more.

Conceding the infelicity of the remark, it was obviously without material significance to the defendant's cause. In the first place, it had no reference to the testimony of defendant's witness, Dr. George Silver, psychiatrist and college professor, who had not yet gone upon the witness stand or testified in the case. Moreover, it did not purport to disparage the testimony of a college professor in his field, the only field in which the defendant's expert witnesses professed to speak. *S. v. Howard,* 129 N.C. 584, 40 S.E. 71. The authorities are opposed to any invalidation of the trial on the basis of this exception. *S. v. Lippard,* 223 N.C. 167, 25 S.E. 2d 594; *S. v. Baldwin,* 178 N.C. 687, 100 S.E. 348; *S. v. Robertson,* 121 N.C. 551, 28 S.E. 59; *S. v. Savage,* 78 N.C. 520.

Exception is also taken to a portion of the court's definition of a reasonable doubt: "a reasonable doubt is a doubt based on reason and common sense, and arising from the testimony in the case." Of course, a reasonable

doubt may arise from the lack of evidence as well as from the testimony in the case. But here, the court further instructed the jury: "If upon the conclusion of all the testimony and the arguments in the case, and the charge of the court, you cannot say that you have an abiding faith to a moral certainty of the defendant's guilt, it would in that event become your duty to find him not guilty." This was as favorable to the defendant as he could expect, and perhaps more, in the face of his admission that he killed his wife under the circumstances disclosed by the record. He would hardly be entitled to an acquittal since his confession of guilt comes from the mouths of his own witnesses, unless he were insane, and as to this he has the burden of satisfaction. *S. v. Creech,* 229 N.C. 662, 51 S.E. 2d 348; *S. v. Swink,* 229 N.C. 123, 47 S.E. 2d 852; *S. v. Harris,* 223 N.C. 697, 28 S.E. 2d 232; *S. v. Norwood,* 115 N.C. 789, 20 S.E. 712; *S. v. Potts,* 100 N.C. 457, 6 S.E. 657. It was conceded on the hearing that the defendant's wife met a cruel death at his hands.

The cases of *S. v. Tyndall, ante,* 174, 52 S.E. 2d 272, and *S. v. Flynn, ante,* 293, 52 S.E. 2d 791, cited and relied upon by the defendant, are inapplicable to the facts of the instant record. Indeed, the *Flynn case* and authorities there cited, properly interpreted, seem to support the State's contention. No violence was done to the rule as stated in *S. v. Schoolfield,* 184 N.C. 721, 114 S.E. 466.

Complaint is also registered to the court's reference to the defendant's absence from the witness stand, calling attention to the fact that this was his right and should not be considered as a circumstance against him. G.S. 8-54. The defendant elected not to testify in his own behalf, but offered two expert witnesses, psychiatrists, who addressed themselves to his mental deficiency. Under these circumstances, the defendant contends that his silence should not have been brought to the attention of the jury at all by the trial court. He cites as authority for his position the recent case of *S. v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733. Suffice it to say *McNeill's case* is not at war with what the judge said. Moreover, the following cases are in support of the present charge: *S. v. Proctor,* 213 N.C. 221, 195 S.E. 816; *S. v. Horne,* 209 N.C. 725, 184 S.E. 470; *S. v. Riddle,* 205 N.C. 591, 172 S.E. 400; *S. v. Turner,* 171 N.C. 803, 88 S.E. 523.

The remaining exceptions are too attenuate to work a new trial or to require elaboration. They are not sustained, albeit they have been carefully examined.

On the record as presented, no reversible error has been shown. Hence, the verdict and judgment will be upheld.

No error.