## STATE v. W. H. BRYANT.

(Filed 9 November, 1949.)

**1. Criminal Law § 29b—**

In a prosecution for possession of lottery tickets, testimony that on another occasion a short time previously like tickets had been found in defendant's home, *is held* competent as tending to show intent, guilty knowledge, system, purposeful possession of the tickets charged, and as

supporting the State's view that defendant was engaged in operating a lottery.

**2. Criminal Law § 53b—**

A charge that reasonable doubt is one growing "out of the evidence" will not be held for prejudicial error when immediately thereafter the court instructs the jury that, if after considering all the evidence, the jury did not have an abiding conviction of defendant's guilt to a moral certainty, then the jury would have a reasonable doubt.

APPEAL by defendant from *Williams, J.,* March Term, 1949, of WAKE. No error.

The defendant was charged with operating a lottery and with having in his possession a quantity of numbers tickets, in violation of G.S. 14-290 and G.S. 14-291.1. The jury returned verdict of guilty as charged, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*W. H. Yarborough for defendant, appellant.*

DEVIN, J. There was evidence on the part of the State that 29 January, 1949, a police officer went with one Ivy Riddick to the latter's home, and found the defendant in a room therein and close by in a heater a quantity of tickets, or pieces of paper marked with numbers, which the officer testified were "butter and egg" lottery tickets. Apparently the defendant had unsuccessfully attempted to burn the tickets. Riddick testified he had at the direction of defendant delivered the tickets to him there. The officer also testified, over objection, that he had shortly before visited the defendant in his home and found therein lottery tickets of the same kind and type. Defendant's objection to this testimony cannot be sustained since it throws light on defendant's intent, guilty knowledge, system, and tends to show defendant's purposeful possession of the lottery tickets where found, as well as supporting the State's view that defendant was engaged in operating a lottery. *S. v. Fowler,* 230 N.C. 470, 53 S.E. 2d 853; *S. v. Edwards,* 224 N.C. 527, 31 S.E. 2d 516.

The defendant assigns as error that the court in charging the jury defined reasonable doubt as one "growing out of the evidence in the case and supported by common sense and reason," citing *S. v. Tyndall,* 230 N.C. 174, 52 S.E. 2d 272, and *S. v. Braxton,* 230 N.C. 312, 52 S. E. 2d 895, where it was pointed out that a reasonable doubt may arise out of a lack of evidence or from its deficiency. However, we observe that immediately following the use of the language complained of, the court instructed the jury, "If, after considering, comparing and weighing all

the evidence in the case you cannot say you have an abiding conviction to a moral certainty of defendant's guilt, then you have a reasonable doubt about it, otherwise not." Considering the entire charge of the court as to the burden of proof and in defining reasonable doubt, we conclude that the defendant's exception on this ground cannot be sustained. *S. v. Wood,* 230 N.C. 740, 55 S.E. 2d 491. It may be noted that this case was tried below before the decisions in the *Tyndall* and *Braxton cases* were issued.

In the trial we find

No error.