85 S.E.2d 133 (1954)
241 N.C. 226
STATE
v.
Sadie Jordan HAMMONDS.
No. 581.
Supreme Court of North Carolina.
December 15, 1954.
*134 Harry McMullan, Atty. Gen., Claude L. Love, Asst. Atty. Gen., for the State.
Richard E. Weaver, Whiteville, Nance & Barrington, Fayetteville, for defendant.
*135 DENNY, Justice.
The defendant moved in this Court in arrest of judgment. The motion is bottomed on the contention that the count upon which she was tried and convicted in the court below does not contain her name, and is, therefore, fatally defective. In support of her position she cites State v. Phelps, 65 N.C. 450; State v. McCollum, 181 N.C. 584, 107 S.E. 309; and State v. Camel, 230 N.C. 426, 53 S.E.2d 313.
There appears to be some conflict in the decisions of this Court on the question raised by the defendant's motion. In State v. Phelps, supra, however, the motion in arrest of judgment was directed to a bill of indictment, purporting to charge the defendant with receiving stolen goods. The Court held that the indictment was "defective in not containing the name of the defendant in the proper place, and distinctly and positively charging him with receiving the stolen goods, etc." Certainly, a warrant or bill of indictment would be defective in any case where the defendant was not clearly and positively charged with the commission of the purported offense. State v. Finch, 218 N.C. 511, 11 S.E.2d 547.
In the case of State v. McCollum, supra [181 N.C. 584, 107 S.E. 309], the indictment contained five separate counts, and the one upon which the defendant was convicted did not contain his name. The Court said: "It is very generally held, in an indictment consisting of several counts, that each count should be complete in itself, * * *." The motion in arrest of judgment was upheld. While in State v. Camel, supra, this Court held a separately numbered count in a warrant which did not contain the name of the defendant, to be defective.
Notwithstanding the fact that some of our decisions would seem to support a contrary view, we think the warrant under consideration is sufficient to withstand the defendant's motion when considered in light of the provisions of G.S. § 15-153. All that is required in a warrant or bill of indictment, since the adoption of the above statute, is that it be sufficient in form to express the charge against the defendant in a plain, intelligible, and explicit manner, and to contain sufficient matter to enable the court to proceed to judgment and thus bar another prosecution for the same offense. State v. Smith, 240 N.C. 99, 81 S.E. 2d 263, State v. Brady, 237 N.C. 675, 75 S.E.2d 791; State v. Loesch, 237 N.C. 611, 75 S.E.2d 654; State v. Sumner, 232 N.C. 386, 61 S.E.2d 84; State v. Stone, 231 N.C. 324, 56 S.E.2d 675; State v. Davenport, 227 N.C. 475, 42 S.E.2d 686; State v. Gregory, 223 N.C. 415, 27 S.E.2d 140; State v. Howley, 220 N.C. 113, 16 S.E.2d 705; State v. Beal, 199 N.C. 278, 154 S.E. 604.
The function or purpose of a warrant or bill of indictment is (1) to make clear and definite the offense charged so that the investigation may be confined to that offense in order that the proper procedure may be followed and the applicable law invoked, and (2) to put the defendant on notice as to what he is charged with and to enable him to make his defense thereto. State v. Gregory, supra.
It is clear that in the instant case, the defendant knew the character of the offense charged and made her defense accordingly. She was tried solely on the count charging the unlawful and willful transportation of 16 pints of tax-paid whiskey. It is true that if we consider this count as separately stated, her name does not appear in it, but we think the count should be treated as conjunctively stated; and the mere fact that the writer of the warrant placed a period at the end of the second count and started the third count as a new sentence, beginning with the conjunction "and," is a mere refinement. While we do not wish to encourage or approve carelessness in drafting warrants or bills of indictment, on the other hand, we do not look with favor upon the practice of quashing warrants or bills of indictment or arresting judgments for mere refinements or informalities that could not possibly have been prejudicial to the rights of the defendants in the trial court. State v. Moses, 13 N.C. 452; State v. Barnes, 122 N.C. 1031, 29 S.E. 381; State v. Hester, *136 122 N.C. 1047, 29 S.E. 380; State v. Francis, 157 N.C. 612, 72 S.E. 1041; State v. Ratliff, 170 N.C. 707, 86 S.E. 997; State v. Carpenter, 173 N.C. 767, 92 S.E. 373; State v. Poythress, 174 N.C. 809, 93 S.E. 919; State v. Hedgecock, 185 N.C. 714, 117 S.E. 47; State v. Whitley, 208 N.C. 661, 182 S.E. 338; State v. Anderson, 208 N.C. 771, 182 S.E. 643; State v. Sumner, supra.
This Court, in the case of State v. Barnes, supra [122 N.C. 1031, 29 S.E. 383], speaking through Clark, J., later Chief Justice, said: "It is passing strange that any prosecuting officer should, by negligence or inadvertence, depart, * * * from the forms so long used, and run the risk of a grave miscarriage of justice and throwing of a heavy bill of costs on the public by such carelessness. The accustomed and approved forms are accessible, and should be followed by the solicitors, * *. The Code, section 1183 (now G.S. § 15-153), was enacted to prevent miscarriage of justice, but not to encourage prosecuting officers to try experiments with new forms, or to excuse them from the duty of ascertaining and following those which have been approved by long use or by statute. The object of the statute, in disregarding refinements and informalities, is to secure trials upon the merits, and solicitors will best serve that end by observing approved forms, so as not to raise unnecessary questions as to what are refinements and informalities and what are indispensable allegations." The foregoing opinion was written 56 years ago, but what is said in it with respect to the drafting of warrants and bills of indictment is still applicable.
It is pointed out in State v. Ratliff, supra, that neither bad punctuation nor bad grammar vitiate an indictment.
In the case of State v. Poythress, supra [174 N.C. 809, 93 S.E. 920], the defendant was charged in the complaint or affidavit with the following crimes: "(1) That he engaged in the business of selling, exchanging, bartering, or giving away spirituous liquors, for the purpose of gain, directly or indirectly; (2) That he had in his possession 27 pints of such liquors for the purpose of sale; (3) That he received at one time, and in one package, more that one quart of whiskey, to wit, 27 pints." His name appeared nowhere in the affidavit or complaint. The warrant of arrest, however, which was issued at the time the complaint was filed, contained the name of the defendant and was partly in these words: "`These are therefore to command you forthwith to apprehend the said J. A. Poythress * * * to answer the above charge set forth in the affidavit, and be dealt with according to law.'" The Court said, "The complaint did not allege any offense against the defendant, as his name was not mentioned therein, but the warrant refers distinctly to the complaint, and besides was physically annexed to it. When this is the case, it may supply any omission or deficiency in the former, and if the two, when considered together as parts of the same proceeding, sufficiently inform the defendant of the accusation made against him, nothing else is necessary to be done."
Likewise, in the case of State v. Whitley [208 N.C. 661, 182 S.E. 339], supra, the late Chief Justice Stacy, in considering a question similar to that now before us, said: "The next position taken by the defendants is that the second count in the bill of indictment is fatally defective, in that the names of the defendants are not repeated in charging the scienter. State v. McCollum, 181 N.C. 584, 107 S.E. 309; State v. May, 132 N.C. 1020, 43 S.E. 819; State v. Phelps, 65 N.C. 450. This is a refinement which the act of 1811, now G.S. § 4623 (presently G.S. § 15-153), sought to remedy. State v. Parker, 81 N.C. 531. It provides against quashal for informality if the charge be plain, intelligible, and explicit, and sufficient matter appear in the bill to enable the court to proceed to judgment. State v. Beal, 199 N.C. 278, 154 S.E. 604. The exception is too attenuate." He then quoted with approval from the opinion of Avery, J., in the case of State v. Shade, 115 N.C. 757, 20 S.E. 537, as follows: "`The trend of judicial decision, and the tendency of legislation, is towards the practical view, that objections founded *137 upon mere matter of form should not be considered by the courts unless there is reason to believe that a defendant has been misled by the form of the charge, or was not apprised by its terms of the nature of the offense which he was held to answer. Where the defendant thinks that an indictment otherwise objectionable in form fails to impart information sufficiently specific as to the nature of the charge, he may, before trial, move the court to order that a bill of particulars be filed; and the court will not arrest the judgment after verdict, where he attempts to reserve his fire until he takes first the chance of acquittal.'" The motion in arrest of judgment is overruled. However, this does not mean that a warrant or bill of indictment may withstand such a motion when an indispensable allegation of the offense charged is omitted. State v. Scott, N.C., 84 S.E.2d 654; State v. Morgan, 226 N.C. 414, 38 S. E.2d 166; State v. Johnson, 226 N.C. 266, 37 S.E.2d 678; State v. Vanderlip, 225 N.C. 610, 35 S.E.2d 885; State v. Tarlton, 208 N.C. 734, 182 S.E. 481; State v. Tyson, 208 N.C. 231, 180 S.E. 85; State v. May, 132 N.C. 1020, 43 S.E. 819; State v. Marsh, 132 N.C. 1000, 43 S.E. 828, 67 L.R.A. 179; State v. Bunting, 118 N.C. 1200, 24 S. E. 118; State v. Wilson, 116 N.C. 979, 21 S.E. 692; State v. Bryan, 112 N.C. 848, 16 S.E. 909.
The defendant challenges the admissibility of certain evidence offered by the State, on the ground that the member of the Highway Patrol who arrested the defendant and seized the 16 pints of tax-paid whiskey found in her car, was not clothed with a search warrant.
The court, in the absence of the jury, heard the testimony of the patrolman and the witnesses for the defendant as to the circumstances under which the whiskey was found and seized. The testimony of the patrolman was to the effect that on the afternoon in question he was stationed at the intersection of Highways 211 and 74 at Bolton, in the County of Columbus, and was stopping all cars coming from the direction of Wilmington and checking the drivers' licenses and the equipment of the cars. The defendant's 1952 Pontiac came from the direction of Wilmington and was driven within about 100 yards of where he was stationed. He motioned for it to come on, but, instead, after remaining parked for about five minutes, the driver turned the car around and headed back towards Wilmington. He followed it, stopped it, and requested the defendant, who was driving the car, to show him her driver's license and car registration card. She gave them to him; that he saw in the front seat between the defendant and Mr. Homer McGirt, a passenger in the car, two packages of whiskey, and that he could see on the floor board, between them, two more packages of whiskey; that "the bags were not crumpled across the top, they were open so I could see the whiskey." The court held the challenged evidence admissible. The ruling will be upheld on authority of State v. Moore, 240 N.C. 749, 83 S.E.2d 912; State v. Ferguson, 238 N.C. 656, 78 S.E.2d 911, and State v. Harper, 235 N.C. 67, 69 S.E.2d 164.
The defendant excepts to and assigns as error the following portion of his Honor's charge: "A reasonable doubt is not a vain, imaginary, captious or fictitious doubt, but it is a fair doubt, based on reason and common sense, and growing out of the testimony in the case. It is such a doubt as leaves one's mind, after a careful consideration of all the evidence, in such a condition that he cannot say he has an abiding conviction to a moral certainty of the defendant's guilt."
The vice complained of here is the instruction that a reasonable doubt "is a fair doubt, based on reason and common sense, and growing out of the testimony in the case." (Italics ours.) This instruction is inexact and incomplete. A similar instruction was disapproved in State v. Tyndall, 230 N.C. 174, 52 S.E.2d 272, and held for error in State v. Braxton, 230 N.C. 312, 52 S.E.2d 895.
In State v. Tyndall, supra [230 N.C. 174, 52 S.E.2d 273], in speaking for the Court, the late Chief Justice Stacy said: "True it is, that a reasonable doubt may grow out *138 of the evidence in the case. It is also true that it may arise from a lack of evidence, or from its deficiency." What was said in regard to the definition of reasonable doubt in the Tyndall and Braxton cases has been approved in the cases of State v. Wood, 235 N.C. 636, 70 S.E.2d 665, and State v. Bright, 237 N.C. 475, 75 S.E.2d 407. While in the cases of State v. Wood, 230 N.C. 740, 55 S.E.2d 491, and State v. Bryant, 231 N.C. 106, 55 S.E.2d 922, this Court held that language similar to that complained of in the instant case was cured by the further instruction given bearing on reasonable doubt. In the present case, however, the further instruction is susceptible to the interpretation that the doubt growing out of the testimony in the case is the only doubt that the members of the jury may consider in determining whether they have or do not have an abiding conviction to a moral certainty of the defendant's guilt.
A trial judge in charging the jury in a criminal case is not required to define the term "beyond a reasonable doubt," in the absence of a request to do so. State v. Ammons, 204 N.C. 753, 169 S.E. 631; State v. Herring, 201 N.C. 543, 160 S.E. 891; State v. Steadman, 200 N.C. 768, 158 S.E. 478; State v. Johnson, 193 N.C. 701, 138 S.E. 19. Even so, it seems to be well nigh the universal practice of our trial judges to define it. The law does not require any set formula in defining reasonable doubt. State v. Dobbins, 149 N.C. 465, 62 S.E. 635; State v. Adams, 138 N.C. 688, 50 S.E. 765; State v. Whitson, 111 N.C. 695, 16 S.E. 332. But, when the trial judge undertakes to define the term, the definition given should be in substantial accord with definitions approved by this Court.
In the case of State v. Schoolfield, 184 N.C. 721, 114 S.E. 466, Stacy, J., later Chief Justice, defined reasonable doubt as follows: "A reasonable doubt is not a vain, imaginary, or fanciful doubt, but it is a sane, rational doubt. When it is said that the jury must be satisfied of the defendant's guilt beyond a reasonable doubt, it is meant that they must be `fully satisfied' (State v. Sears, 61 N.C. 146), or `entirely convinced' (State v. Parker, 61 N.C. 473), or `satisfied to a moral certainty' (State v. Wilcox, 132 N.C. 1137, 44 S.E. 631) of the truth of the charge (State v. Charles, 161 N.C. 287, 76 S.E. 715). If after considering, comparing, and weighing all the evidence, the minds of the jurors are left in such condition that they cannot say they have an abiding faith, to a moral certainty, in the defendant's guilt, then they have a reasonable doubt; otherwise not. Commonwealth v. Webster, 5 Cush. Mass., 295, 52 Am.Dec. p. 730; 12 Cyc. 625; 16 C.J. 988; 4 Words and Phrases, [p.] 155."
The above or other approved formulae may be found in scores of our decisions, among them see State v. Braxton, supra; State v. Brackett, 218 N.C. 369, 11 S.E.2d 146; State v. Hege, 194 N.C. 526, 140 S.E. 80; State v. Pierce, 192 N.C. 766, 136 S.E. 121; State v. Steele, 190 N.C. 506, 130 S.E. 308; State v. Wiseman, 178 N.C. 784, 101 S.E. 629.
Varser, J., in speaking for this Court in State v. Steele, supra [190 N.C. 506, 130 S.E. 312], said: "We suggest, in addition to the definitions heretofore approved, for its practical terms, the following: `A reasonable doubt, as that term is employed in the administration of criminal law, is an honest, substantial misgiving, generated by the insufficiency of the proof; an insufficiency which fails to convince your judgment and conscience, and satisfy your reason as to the guilt of the accused.' It is not `a doubt suggested by the ingenuity of counsel, or by your own ingenuity, not legitimately warranted by the testimony, or one born of a merciful inclination or disposition to permit the defendant to escape the penalty of the law, or one prompted by sympathy for him or those connected with him.' Jackson, J., in United States v. Harper, C.C., 33 F. 471."
We concede that this Court has from time to time declined to sustain exceptions to the definition of reasonable doubt in which it has been defined as "a *139 doubt arising out of the evidence in the case," or "growing out of the evidence in the case." However, in such cases the Court has usually expressed the opinion that the entire instruction on the subject complained of substantially conformed with its decisions in respect thereto. See State v. Bryant, supra; State v. Wood, supra, 230 N.C. 740, 55 S.E.2d 491; State v. Williams, 189 N.C. 616, 127 S.E. 675. Nevertheless, we have concluded that when such expression is used in defining reasonable doubt, without adding "or from the lack or insufficiency of the evidence," or some equivalent expression, it is error. But, whether or not such error will be considered sufficiently prejudicial to warrant a new trial will be determined by the evidence involved. Here the State's evidence was direct and amply sufficient to support the verdict. No circumstantial evidence was before the jury, nor could there have been any doubt as to the sufficiency of the State's evidence, if believed, to warrant a conviction. Hence, the only question before the jury was whether to accept the State's evidence as true, or that introduced on behalf of the defendant. The jury accepted the State's version of the facts, and we cannot see where the error complained of was prejudicial to the defendant in this particular case.
Even so, the identical question involved in the above exception is being presented to this Court over and over again. Many of these cases have been disposed of on other grounds. But, this particular complaint ought to be eliminated, and we, therefore, devoutly hope that all our trial judges who do not now adhere to the definition of reasonable doubt as approved herein, when using the expression "growing or arising out of the evidence in the case," will do so.
In the trial below, we find no prejudicial error.
No Error.