STATE OF NORTH CAROLINA v. ROY STEVEN WILLIAMS

No. 926SC134

(Filed 18 May 1993)

**Criminal Law § 762 (NCI4th)— instructions on reasonable doubt — references to moral certainty — improper instructions — harmless error**

The trial court's instructions on reasonable doubt which included two references to "moral certainty" and one reference to "honest substantial misgiving" violated defendant's rights under the Due Process Clause; however, evidence against de-

fendant was so substantial that the trial court's error in its instructions was harmless beyond a reasonable doubt.

**Am Jur 2d, Trial §§ 1370 et seq., 1482.**

Appeal by defendant from judgment entered 1 July 1991 in Halifax County Superior Court by Judge William C. Griffin, Jr. Heard in the Court of Appeals 3 March 1993.

Defendant was charged in a true bill of indictment with assault with a deadly weapon with intent to kill inflicting serious injury, a violation of N.C. Gen. Stat. § 14-32(a) (1986). His first trial resulted in a mistrial when the jury was unable to reach a unanimous verdict. In the second trial, the jury found defendant guilty of the lesser included offense of assault with a deadly weapon inflicting serious injury, a violation of N.C. Gen. Stat. § 14-32(b). From judgment imposing an active sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General, T. Buie Costen, for the State.*

*Hux, Livermon & Armstrong, by James S. Livermon, Jr., for defendant appellant.*

McCRODDEN, Judge.

Defendant first assigns as error the trial court's instruction defining for the jury the term "reasonable doubt." Defendant contends that he is entitled to a new trial because the instruction given was indistinguishable from the instruction found unconstitutional in *Cage v. Louisiana*, 498 U.S. ---, 112 L.Ed.2d 339 (1990). We agree that the trial court's instruction violated the principles set forth in *Cage* and applied by our Supreme Court in *State v. Montgomery*, 331 N.C. 559, 417 S.E.2d 742 (1992). We do not agree, however, that this error entitles defendant to a new trial.

When requested to give an instruction on reasonable doubt to a jury, a trial court has the duty to define the term but is not required to use an exact formula. *Montgomery, supra.* If the trial court undertakes to define reasonable doubt, however, its instruction must be a correct statement of the law. *Id.*

The Supreme Court in *Cage* condemned a combination of three terms: "grave uncertainty," "actual substantial doubt," and "moral certainty," because they suggested a higher degree of doubt than

is required for acquittal under the reasonable doubt standard. *Cage*, 498 U.S. at ---, 112 L.Ed.2d at 342. Relying on *Cage*, the *Montgomery* Court found that the use of the terms "substantial misgiving" and "moral certainty" in combination in the trial court's reasonable doubt instruction violated the requirements of the Due Process Clause. *Montgomery*, 331 N.C. at 572, 417 S.E.2d at 749-50. The *Montgomery* Court found that there was a "reasonable likelihood" that the jury applied the challenged instruction in a way that violated the Due Process Clause, and therefore held that the trial court's instruction gave rise to error under the Constitution of the United States. *Id.* at 573, 417 S.E.2d at 750.

The *Montgomery* Court distinguished *State v. Hudson*, 331 N.C. 122, 415 S.E.2d 732 (1992), in which the Court concluded that there was no error in the trial court's instruction to the jury on reasonable doubt. Although the trial court in *Hudson* used the term "substantial misgiving," it did not equate reasonable doubt with a "moral certainty." *Montgomery*, 331 N.C. at 572, 417 S.E.2d at 749.

In the case under consideration, the trial court's instruction included two references to "moral certainty" ("satisfied to a moral certainty of the truth of the charge" and "abiding faith to a moral certainty in the defendant's guilt") and one reference to "honest substantial misgiving" ("honest substantial misgiving generated by the insufficiency of the proof"). Although the trial court used these terms in a broader definition of "reasonable doubt," we must, in light of *Cage* and *Montgomery*, find that such instructions violated defendant's rights under the Due Process Clause.

In the instant case, the State argues that the instruction given by the trial court was approved by our Supreme Court in *State v. Hammonds*, 241 N.C. 226, 85 S.E.2d 133 (1954). Although the language in *Hammonds* is distinguishable from the language used here, that case was decided well before *Cage* and *Montgomery* and is not, therefore, determinative.

The determination that the trial court's instruction violated the Due Process Clause does not automatically entitle defendant to a new trial. If the trial court's erroneous instruction was harmless beyond a reasonable doubt, defendant is not entitled to a new trial. *Montgomery*, 331 N.C. at 573, 417 S.E.2d at 750. Whether this error will be considered sufficiently prejudicial to warrant

a new trial will be determined by the evidence involved. *Hammonds*, 241 N.C. at 233, 85 S.E.2d at 139.

The evidence tended to show that defendant and his wife, Starlett Williams ("Williams"), had had marital problems for years prior to September 1990. On a number of occasions, Williams told defendant that she was planning to leave the house in which they and their two children lived. Defendant told Williams that he did not want her to leave, and, on a number of occasions when he had been drinking, he told her that he would kill her if she left with the children.

Although defendant owned two handguns, including a .357 calibre pistol, and a rifle and shotgun, prior to 10 September 1990, he had never armed himself when he threatened to kill Williams. Williams owned a .38 calibre revolver, which she kept, loaded, in the nightstand next to her bed.

On the evening of 10 September 1990, Williams and the defendant began discussing her plans to move away with the children. During the discussion, defendant, who had not been drinking, told Williams that he was going to kill her. Williams responded, "Then you are going to have to do what you are going to do." Williams instructed her daughter Amy to bring the .38 calibre revolver into the living room, and Amy returned to the room with the gun. After being told by defendant to give him the gun, Amy handed the gun to him. As defendant was holding the gun in his left hand, it fired one time. The bullet hit Williams in the cheek, fracturing her jaw and lodging in her spine. The State's evidence tended to show that the defendant "pointed [the gun] right at [William's] face, . . . cocked the trigger, . . . aimed right at . . . [Williams], and . . . pulled the trigger."

Although defendant offered no evidence, he attempted to present his version of the incident through cross-examination of Charles E. Ward ("Ward"), the detective who investigated the shooting. Ward testified that defendant first claimed that "he threw the gun up and the next thing he knew it went off" and that "he thought the gun was on safety and it was an accident." He further testified that, once he informed defendant that the gun did not have a safety, defendant "never mentioned it again." We believe that the evidence against defendant was so substantial that the trial court's error in its instructions was harmless beyond a reasonable doubt. Defendant is not entitled to a new trial.

IN RE DELK

[110 N.C. App. 310 (1993)]

Defendant next assigns as error the trial court's denial of his plea of former jeopardy and the related motion to limit the prosecution to the charge of guilty of assault with a deadly weapon inflicting serious injury ("the lesser charge"). Defendant's counsel alleges that he learned that the jury in defendant's first trial had unanimously decided that defendant was not guilty of assault with a deadly weapon with intent to kill inflicting serious injury ("the greater charge") and was deadlocked only on the question of defendant's guilt of the lesser charge. Based upon these allegations, defendant argues that his Fifth Amendment right not to be tried twice for the same offense was violated when he was forced to endure a second trial on the greater charge.

Relying on *State v. Booker*, 306 N.C. 302, 293 S.E.2d 78 (1982), we find that defendant was not placed in double jeopardy. Even if he had been placed in double jeopardy, the error would have been harmless because defendant was convicted of the lesser offense, the same offense for which he moved to be tried.

No error.

Chief Judge ARNOLD and Judge GREENE concur.