STATE OF NORTH CAROLINA v. STEVE CHANEY

No. 7217SC203

(Filed 28 June 1972)

1. Criminal Law § 11; Larceny § 7— accessory after fact to larceny — sufficiency of evidence

The State's evidence was sufficient to sustain defendant's conviction of being an accessory after the fact of larceny by aiding and assisting the principal felon in the transportation, concealment and disposition of stolen copper wire with intent to aid and assist the principal felon to conceal his identity and avoid arrest when defendant knew the principal felon had stolen the copper wire.

2. Criminal Law § 112— instructions — reasonable doubt — possibility of innocence

Instruction in which "reasonable doubt" was compared with "a possibility of innocence" did not constitute error, although such instruction is not commended.

3. Criminal Law § 99— questions by trial court — clarification

Trial court's questions to a witness come within the rule of clarification and were therefore proper and not prejudicial to defendant.

4. Criminal Law § 102— argument of solicitor — urging jury to disbelieve part of testimony of State's witness

In a prosecution of defendant for being an accessory after the fact to the crime of felonious larceny of copper wire, it was not error for the solicitor to urge the jury to believe a part of the testimony of the State's main witness, the alleged principal felon, and to disbelieve his testimony that defendant did not know that the copper wire had been stolen.

APPEAL by defendant from *Exum, Judge,* 16 August 1971 Criminal Session, ROCKINGHAM County Superior Court.

Defendant was charged in a bill of indictment with being an accessory after the fact of larceny by aiding and assisting the principal felon, Joe Lee Brimm, in the transportation, concealment and disposition of copper wire with intent to aid and assist the said Brimm to conceal his identity and avoid arrest in connection with the larceny of copper wire from Lee Telephone Company when the defendant knew that Brimm had feloniously stolen the copper wire.

To this charge the defendant entered a plea of not guilty.

The evidence for the State tends to show that on 26 April 1970 Brimm and a fifteen-year-old juvenile, Jesse Hadyn, about midnight, went to a fenced-in enclosure belonging to Lee Tele-

phone Company. Hadyn climbed the fence and broke into the building which was inside the fence. Hadyn then rolled some eight 100-pound rolls of copper wire out of the building to the fence. Hadyn and Brimm together then rolled the wire some 400 feet away from the fence to a point on the side of the road. Hadyn and Brimm then went some seven miles to the home of the defendant, arriving about 1:45 a.m. They woke the defendant and arranged for him to get his automobile and take Hadyn home. Brimm told the defendant that he had bought some copper wire from Hadyn and wanted the defendant go with him to get the wire and then assist him in selling the wire. Brimm told Hadyn, in the presence of defendant, that he would give him $100 for his interest in the wire and told defendant that he and the defendant would then split what the wire was sold for after paying Hadyn the $100. After taking Hadyn home, the defendant and Brimm went to the place where the wire had been left and loaded it into the defendant's automobile. It was then carried to a point about 700 feet from the defendant's house and there was placed in some weeds about 25 feet off the road where it would not be seen.

The next day about 5:00 p.m. the defendant and Brimm loaded the wire on the defendant's automobile and drove to Danville, Virginia, where it was sold at a junk yard for approximately $430. They returned to North Carolina that night and gave Hadyn $100 and divided the rest of the money between themselves.

The defendant offered no evidence.

*Attorney General Robert Morgan by Associate Attorney Charles A. Lloyd for the State.*

*Gwyn, Gwyn and Morgan by Melzer A. Morgan, Jr., court-appointed attorneys for defendant appellant.*

CAMPBELL, Judge.

[1] Defendant asserts that the evidence was insufficient to sustain his conviction and that his motion for judgment as of nonsuit should have been sustained. In this regard defendant maintains that the State failed to prove that he had had any knowledge of the felonious larceny by Brimm and the assistance he rendered Brimm in disposing of the copper wire was not for the purpose of enabling Brimm to escape detection and arrest.

There was ample evidence to show that Brimm participated with Hadyn in the felonious larceny of the copper wire. The activities of the defendant from the time Brimm and Hadyn woke him up at 1:45 a.m. and he got his automobile and took the wire to the place where it was then hidden in the weeds some 700 feet from his home, and then the next day accompanied Brimm with the wire to Virginia where the defendant arranged for the sale and the subsequent division of the money with the defendant and Brimm, taking $300 and giving Hadyn only $100, presented sufficient circumstantial evidence to go to the jury. This evidence would support a jury finding that defendant knew Brimm had not purchased the wire from Hadyn and that the wire had been stolen. Defendant's later conduct in hiding the wire and then taking it to Virginia and selling it would tend to show that defendant was assisting Brimm with the intention and for the purpose of enabling Brimm to escape detection and arrest for larceny. The case was properly submitted to the jury.

[2]   The defendant, in his second assignment of error, asserts error in the refusal to give the defendant's request for a charge defining "reasonable doubt," and instead the court instructed the jury using the charge taken from the North Carolina Pattern Instructions, N.C.P.I., Criminal, § 101.10, wherein "reasonable doubt" was compared with "a possibility of innocence." We do not commend this Pattern Jury Instruction. "Reasonable doubt" has been explained and thoroughly defined in the case of *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133 (1954). Nothing needs to be added to what has already been said in the *Hammonds* case. While we do not commend the instruction given in the instant case, we do not find any prejudicial error to the defendant.

[3]   The defendant next assigns as error certain questions asked of the witness Brimm by the trial judge. We have reviewed those questions and think they come within the rule of clarification and were therefore proper and not prejudicial to the defendant.

[4]   The defendant next assigns as error that portion of the solicitor's argument in which he urged the jury to believe a part of the testimony of the witness Brimm and to disbelieve a part of it. Brimm had testified that he did not know the copper wire was stolen and that he had told the defendant that the

wire was not stolen. The solicitor, in his argument to the jury, merely pointed out that the facts were such that the defendant was bound to have known that the wire was stolen. We find that the solicitor's argument was within the bounds of propriety. The cases relied upon by the defendant are distinguishable. We find no merit in this assignment of error.

The defendant also assigns as error the sufficiency of the bill of indictment. We have considered this assignment of error and we find the bill of indictment sufficient.

We conclude that the defendant has had a fair trial free of prejudicial error.

No error.

Chief Judge MALLARD and Judge BROCK concur.