State v. Edwards

---

STATE OF NORTH CAROLINA v. MELVIN EZELL EDWARDS

No. 7210SC199

(Filed 23 August 1972)

1. **Burglary and Unlawful Breakings §§ 5, 10; Safecracking— sufficiency of evidence to withstand motion for nonsuit**

In a prosecution for safecracking, breaking and entering, and possession of burglary tools, evidence, when taken in the light most favorable to the State, was sufficient to withstand defendant's motion for nonsuit where it tended to show that an officer found defendant in the driver's seat of a vehicle with its trunk toward the platform of a distributing company, that the company had been broken into and its safe had been removed to the platform, and that burglary tools were found upon a search of defendant's car.

2. **Searches and Seizures § 3— admissibility of seized items — validity of search warrant**

The trial court did not err in allowing into evidence certain tools and other items found in defendant's automobile where a search warrant was lawfully issued and the search itself was lawfully made.

3. **Criminal Law §§ 112, 168— charge on reasonable doubt — favorable to defendant — no error**

The charge that says reasonable doubt is a possibility of innocence places a greater burden on the State than is required; but since it is more favorable to the defendant than is required, the defendant cannot object.

APPEAL by defendant from *Braswell, Judge,* at the 2 September 1971 Regular Session of WAKE County Superior Court.

Defendant was charged in three separate bills of indictment, proper in form, with safecracking, breaking and enter-

ing, and possession of burglary tools. The cases were consolidated for trial and defendant entered pleas of not guilty to each charge.

At the trial, Officer J. W. Howard of the Raleigh Police Department, testified that at about 1:00 a.m. on June 14, 1971, he observed a 1967 Ford traveling west on Davie Street in Raleigh. His attention was attracted to the car by its low rate of speed. He followed the car at some distance and saw it turn right onto Harrington Street. The officer testified that as he turned onto Harrington Street he saw the Ford stopped in the middle of the street with its lights off in front of James B. Batts, Jr., Distributors. The automobile was positioned so that its trunk was toward a platform at Batts Distributors. The officer testified that he saw two men and what appeared to be a safe on the platform. One of the men yelled something and then the two men fled from the scene. The officer then pulled up beside and blocked the automobile and found defendant in the driver's seat. He placed the defendant under arrest and took him to the police station. The officer obtained a search warrant and returned to the scene with defendant and opened the trunk of the automobile with a key given him by defendant. The trunk contained a pry bar, sledge hammer, tire tools, gloves, socks, a screwdriver and a flashlight. Upon investigating the premises of Batts Distributors, the officer found that the knob and dial had been torn from the safe and the safe had been moved from a location inside the building to the platform on which it was found.

Mr. Jack McIver, an employee of Armour Meat Company on Davie Street, testified that he had seen the defendant's automobile parked on Davie Street with three black men standing behind it at about 12:30 a.m. that morning. He noticed later that the automobile was still parked on Davie, but the three men had left. He saw the automobile a third time as it drove along Davie Street.

Mr. W. E. Weathersbee of the City-County Identification Bureau, testified that he investigated the premises of Batts Distributors and found that the glass in the front door had been broken and the door forced open.

Mr. Walter Corbett, an employee of Batts Distributors, testified that he had locked the building at about noon on Saturday and that the glass was not broken and the door was

State v. Edwards

not damaged when he left. He also testified that the safe was inside the office when he left work on Saturday.

The defendant presented no evidence.

The jury returned a verdict of guilty on each charge and judgment was entered imposing a prison sentence.

From the verdict and judgment, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney (Miss) Ann Reed for the State.*

*Tharrington & Smith by Roger W. Smith for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant assigns as error the failure of the trial court to grant his motion for nonsuit made at the conclusion of the State's evidence and renewed at the close of all the evidence.

The evidence has been set forth in the preceding portion of the opinion and it is not necessary to repeat it here. We are of the opinion that the evidence, although circumstantial in part, when viewed in the light most favorable to the State, as it must be in ruling on a motion for nonsuit, was sufficient to support the verdicts returned by the jury. This assignment of error is overruled.

[2] The defendant next assigns as error the admission into evidence of certain tools and other items found in defendant's automobile. Defendant contends that the affidavit of the officer did not contain sufficient information for the Magistrate to find that probable cause existed and therefore the warrant was improperly issued. With regard to the search warrant and the adequacy of the affidavit upon which it was issued, the trial judge conducted a voir dire. Thereafter the trial judge entered an order finding facts that the affiant had personal knowledge as to the facts set forth in the affidavit and that based upon those facts the magistrate had probable cause to issue the search warrant and the trial judge concluded as a matter of law that the search warrant was lawfully issued and the search itself was lawfully made and that the tools taken from the trunk

State v. Edwards

of the automobile were competent evidence. The record adequately supports the action of the trial judge and the order entered. This assignment of error is overruled.

[3]   The defendant's final assignment of error is to the following portion of the trial court's charge to the jury.

"The State must prove to you that the defendant is guilty beyond a reasonable doubt. When I speak of 'reasonable doubt,' I mean a possibility of innocence based on reason and common sense arising out of some or all of the evidence that has been presented or lack of evidence as the case may be."

Defendant contends that use of the phrase, "a possibility of innocence," falls short of the required definition of reasonable doubt.

The instruction in question was followed with: "If after weighing and considering all of the evidence you are fully satisfied and entirely convinced of the defendant's guilt, then you would be satisfied beyond a reasonable doubt. . . ." in accordance with *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133 (1954).

While we have previously failed to approve the use of the phrase "a possibility of innocence," we have found no error in its use. *State v. Perry,* 13 N.C. App. 304, 185 S.E. 2d 467 (1971), appeal dismissed, 280 N.C. 724. *State v. Chaney,* filed 28 June 1972. Defendant cites no case, and we find none, holding that use of this phrase is error.

On the contrary, the authorities indicate that a charge containing this phrase is favorable to defendant.

"There is a difference between a possibility and a probability of innocence, and it is proper to refuse an instruction directing an acquittal if from the evidence there is a reasonable possibility of innocence, as well as one directing an acquittal 'if there is a probable doubt of guilt.' . . ." 53 Am. Jur., Trial, § 752, p. 563.

"It is proper to instruct that a reasonable doubt to authorize an acquittal is not a mere possibility of innocence, and that, if the jury believe from all the evidence beyond a reasonable doubt that accused is guilty, although they

might believe it possible that he is not guilty, they must convict him. . . . An instruction that a reasonable doubt may exist even though there is no possibility of innocence from the evidence is properly refused." 23A C.J.S., Criminal Law, § 1273, p. 668.

A long line of Missouri cases approves a charge, that doubt must be a substantial doubt and not mere possibility of innocence. *State v. Deutschmann,* 392 S.W. 2d 279 (Mo. 1965). The charge before us says that reasonable doubt is a possibility of innocence. A number of Alabama cases have approved a charge that the jury must convict if they believe beyond a reasonable doubt that defendant is guilty, although they may believe it is possible that he is not guilty. *Frost v. State,* 225 Ala. 232, 142 So. 427 (1932).

The charge before us is more favorable to defendant than the charges approved in Missouri and Alabama.

A correct charge has been set out in *Hammonds, supra,* and no improvement or further discussion is required. We think the trial judges should use it and not introduce novel changes placing an unnecessary burden on the State. Nevertheless, the Superior Court Judges have seen fit to prepare this pattern charge using the phrase "a possibility of innocence" which we have refused to approve. We think it places a greater burden on the State than is required; but since it is more favorable to the defendant than is required, the defendant cannot object. The assignment of error of the defendant is overruled.

In this trial we find

No error.

Chief Judge MALLARD and Judge BROCK concur.