STATE OF NORTH CAROLINA v. DOUGLAS JUNIOR GREENE, MAX HENRY LEWIS, GARY DEAN WINTERS, AND DEXTER TERRY SHOOK

No. 7229SC838

(Filed 20 December 1972)

1. **Burglary and Unlawful Breakings § 5; Larceny § 7— breaking and entering and larceny — sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution for felonious breaking and entering and felonious larceny where it. tended to show that a house was broken into and ten guns were taken therefrom, that the guns were found later that day hidden in woods 100 yards from the victim's house, that two officers hid nearby and within a few hours after the guns were stolen observed four of the defendants leave their car and walk directly through the woods to the stolen property, that one defendant picked up one of the guns and then threw it away when the officers made their presence known, and that the fifth defendant promptly drove away in the dark without lights and ignored an officer's command to stop.

2. **Criminal Law § 112— reasonable doubt — possibility of innocence**

    The trial court did not commit prejudicial error in defining "reasonable doubt" as a "possibility of innocence," though such instruction is not approved.

ON *Certiorari* to review judgments of *Wood, Judge,* entered at the 10 April 1972 Session of Superior Court held in Mc-DOWELL County.

The defendants, together with one Kelly, were jointly tried on their pleas of not guilty to separate indictments charging each with felonious breaking and entering, felonious larceny, and receiving. The State's evidence in substance showed the following: At some time between 2:30 p.m. and 5:00 p.m. on 1 November 1971 the residence of William K. Gill, Jr. at Pleasant Gardens was broken into and approximately ten firearms were removed from a gun cabinet therein without the owner's permission. Upon investigation, a deputy sheriff and Mr. Gill noticed some tracks in the yard. These led down the bank and into the woods. Gill and the deputy searched through the woods and about 7:00 p.m. found the guns hidden in leaves right across the creek from Hawkins Lumber Company at a point about 100 yards from the Gill residence. Two officers hid nearby under an overhanging rock to get out from a hard shower. A little after 8:00 p.m. they saw a Pontiac car pull into Hawkins Lumber Company about 150 feet from where the officers were hidden. Four persons, later identified as the defendants Winters, Lewis, Shook and Kelly, left the car and, with Winters in the lead, walked across a little bridge and directly up to where the guns were hidden. There they stopped and "looked for just a second." Then defendant Winters "just moved right in and as he moved in he reached down and picked up the silver gun (a pistol) and stuck it in his belt." One of the officers testified that at that moment he thought the defendants saw him and "they made a step down the path like they might be going to run." On orders of the officers the four defendants stopped. As soon as the officers spoke, defendant Winters threw away the pistol which he had picked up, and it was found in the leaves about six feet from him. When the officers made themselves known, the Pontiac cranked up and pulled out from Hawkins Lumber Company. One of the officers ordered it to stop, but it kept going and the officer shot at the back end of the car with a 12-gauge shotgun. Mrs. Gill testified that she was driving home when she heard the shot and that she saw the defendant, Greene, whom she knew, driving away in the Pontiac with its lights off. She testified that her lights "shined right in his face and he almost ran into me." On the following day, 2 November 1971, the officers observed a Pontiac automobile, which they had on previous occasions seen being driven by

the defendant Greene, at a body shop. This car had bullet holes in the back which were being patched. The defendants did not offer any evidence.

The jury found all defendants guilty of felonious breaking and entering and of felonious larceny. From judgments imposing prison sentences, defendants Greene, Lewis, Winters and Shook gave notice of appeal. Defendant Kelly did not appeal. Subsequently, this Court granted the appealing defendants' petitions for a writ of certiorari in order to permit them to perfect a late appeal.

*Attorney General Robert Morgan by Assistant Attorney General Robert G. Webb for the State.*

*I. C. Crawford for defendant appellants.*

PARKER, Judge.

[1] Defendants' motions for nonsuit were properly denied. There was direct evidence that the crimes for which defendants were tried had been committed by someone. There was sufficient evidence, when viewed in the light most favorable to the State, to support a jury finding that defendants were the guilty parties. Within a few hours after the guns were stolen, defendants drove to a place they had no apparent legitimate reason to be. They stopped their car within 150 feet of the cache of stolen property. Four of them got out in the rain and walked through the dark woods directly to the stolen property. There they stopped, and defendant Winters reached down and retrieved one of the stolen guns. The officers made their presence known, and thereupon Winters threw away the pistol which he had just picked up. Defendant Greene promptly drove away, leaving his companions in the rain. He ignored the officer's command to stop and drove in the dark without lights. A logical and legitimate inference may be drawn that defendants knew where the stolen property had been hidden because they were the persons who had stolen and hidden it there. In our opinion there was here substantial evidence to support a jury verdict finding each defendant guilty of the offenses for which he was tried. This is all that was required to withstand nonsuit. *State v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431. Whether guilt was proved beyond a reasonable doubt was for the jury to determine.

[2]   In charging the jury the trial judge defined "reasonable doubt" as a "possibility of innocence." While this definition is not approved, the error was in favor of defendants rather than against them. *State v. Bryant*, 282 N.C. 92, 191 S.E. 2d 745; *State v. Chaney*, 15 N.C. App. 166, 189 S.E. 2d 594.

We have carefully examined all of appellants' remaining assignments of error, all of which relate to the court's charge to the jury, and find no prejudicial error such as to warrant a new trial.

No error.

Judges CAMPBELL and MORRIS concur.