STATE OF NORTH CAROLINA v. BILLY RAY WEST

No. 7310SC809

(Filed 6 March 1974)

1. **Criminal Law § 112— reasonable doubt as possibility of innocence — no error**

    Definition of the term "reasonable doubt" as "possibility of innocence" by the trial court in its jury instruction, though not commended, was not prejudicial to defendant.

2. **Criminal Law § 116— right of defendant not to testify — instruction not required**

    Where the trial court erroneously instructed the jury that defendant testified in his own behalf, but the court corrected the inadvertence as soon as it was brought to his attention, defendant was not entitled to an instruction, absent a request, with respect to his right not to testify.

3. **Criminal Law § 122— additional jury instructions — no prejudice**

    Additional instructions given the jury before they resumed deliberations following a lunch recess, though unnecessarily long, were not coercive.

APPEAL by defendant from *Godwin, Judge,* 18 June 1973 Session of Superior Court held in WAKE County. Argued in the Court of Appeals 16 January 1974.

Defendant was charged in a warrant with the misdemeanor of assault by pointing a gun. He was found guilty in District Court and appealed to the Superior Court where he was tried de novo upon the allegations contained in the warrant. The jury returned a verdict of guilty, and defendant appealed to this court.

*Attorney General Morgan, by Associate Attorney Kane, for the State.*

*H. Spencer Barrow for the defendant.*

BROCK, Chief Judge.

[1]   Defendant first assigns as error that the trial judge explained to the jury that the term "reasonable doubt" meant "possibility of innocence." In *State v. Chaney*, 15 N.C. App. 166, 189 S.E. 2d 594, we held that an instruction identical to the one complained of here was not prejudicial although we did not commend it. The instruction complained of was adopted by the Conference of Superior Court Judges as N.C.P.I., Criminal, § 101.10, effective June 1970. *State v. Chaney, supra,* was filed 28 June 1972. Effective November 1972, N.C.P.I., Criminal, § 101.10 was rewritten to adopt the suggestion in *State v. Chaney, supra,* to the effect that the definitions of the term "reasonable doubt" given in *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133, are more desirable. Nevertheless, we see no prejudice to defendant in the definition of which he complains. This assignment of error is overruled.

Defendant assigns as error that the trial judge omitted from his summary of the evidence certain parts of the testimony which defendant felt were helpful to him. The trial judge is not required to recapitulate the testimony. He is only required to summarize the evidence sufficiently to permit him to explain and apply the appropriate priniciples of law. In our view, he has done so. This assignment of error is overruled.

[2]   Defendant assigns as error that the trial judge failed to instruct the jury upon defendant's right not to testify. Defendant concedes that ordinarily the trial judge is not required to instruct on this subject absent a request from defendant. Defendant also concedes that he made no request for such an instruction in this case. The assignment of error is based upon the following occurrences. Defendant offered four witnesses to testify in his defense, but defendant did not personally testify. At the close of his summary of the State's evidence and at the beginning of his summary of defendant's evidence, the trial judge inadvertently stated to the jury: "The defendant also offered evidence. Several witnesses testified in his behalf. He also testified in his own behalf, and he offered evidence tending to show . . . "

Obviously, something or someone called his honor's attention to his error because, very shortly after the error, the following appears in the record of the charge: "The defendant further offered evidence—

---

**State v. West**

---

"COURT: The defendant didn't testify in his own behalf?

"MR. BARROW: No, sir.

"COURT: When I told you that the defendant offered evidence and he testified in his own behalf, I advised you erroneously. You are to remember the evidence."

Clearly, the trial judge corrected his inadvertence as soon as it came to his attention. We fail to see how the jury could have been misled. They knew whether defendant had or had not testified. Nevertheless, defendant argues that because of this inadvertence the trial judge was required to instruct, without request, that defendant had the right not to testify. We fail to see how defendant could be prejudiced by this inadvertence. If defendant had felt injury from the inadvertence, he could have easily requested an instruction upon his rights. "The general rule in this State is that objections to the charge in reviewing the evidence and stating the contentions of the parties must be made before the jury retires to afford the trial judge an opportunity for correction; otherwise they are deemed to have been waived and will not be considered on appeal." *State v. Thomas,* 284 N.C. 212, 200 S.E. 2d 3. No objection or request was made to the trial judge in this case. Additionally, the trial judge corrected the inadvertence. This assignment of error is overruled.

[3] In this case, the jury retired to deliberate at 10:45 a.m. At 1:00 p.m. they were called out to recess for lunch. At that time, the foreman announced that they were divided 7 to 5, that it "looks like a hung jury." They were advised to recess for lunch and to return at 2:30 p.m. After the recess and before the jury resumed its deliberations, the trial judge gave additional instructions upon the desirability of their reaching a verdict. Defendant assigns these additional instructions as error. He argues that they coerced the jury into reaching a verdict of guilty. Without encumbering these pages by setting out the additional instructions, we observe that they were of much greater length than was necessary. However, length itself does not create coercion, and we find no coercive effect in what was said or in the manner in which it was said. Nevertheless, we indulge in the hope that the trial judges, when they find it necessary to give additional instructions, will first prepare themselves upon what they will say and then instruct as briefly

as circumstances will permit. This assignment of error is overruled.

No error.

Judges MORRIS and CARSON concur.