STATE OF NORTH CAROLINA v. CLAXTON L. MAJETTE
AND NORMAN GORDON

No. 769SC155

(Filed 7 July 1976)

1. Criminal Law § 92— written motion to consolidate trials — sufficiency
       The State's written motion for joinder of defendants' trials complied with the requirements of G.S. 15A-951(a)(2) and (3) that motions set forth the grounds therefor and the relief sought where the motion set forth the joinder statute, G.S. 15A-926, as grounds therefor and showed that the relief sought was the joinder of the two cases for trial.

2. Criminal Law § 112— instructions — reasonable doubt as possibility of innocence
       Defendants were not prejudiced by a portion of the charge defining reasonable doubt as a "possibility of innocence."

3. Criminal Law §§ 111, 114— written jury instructions on elements of crimes
       The trial court did not invade the province of the jury or show favoritism to the State's case by giving the jury written instructions

with respect to the elements of felonious breaking and entering and felonious larceny pursuant to breaking and entering.

4. **Burglary and Unlawful Breakings § 6; Larceny § 8— possession of recently stolen property — erroneous application to both defendants**

In a consolidated trial of two defendants for breaking and entering and larceny, the trial court erred in applying the doctrine of possession of recently stolen property to both defendants where the State's evidence showed that the property was found in one defendant's house two days after it was stolen, and there was no evidence that the second defendant was ever in actual or constructive possession of the property, and the second defendant is therefore entitled to a new trial.

APPEAL by defendants from *Godwin, Judge.* Judgments entered 19 November 1975 in Superior Court, VANCE County. Heard in the Court of Appeals 26 May 1976.

Each defendant was indicted for breaking and entering and larceny. Defendants' motion for severance was denied, and the State's motion to join the cases for trial was allowed.

Daphine Williams testified that on 9 September 1975 her house was locked and in order when she left that morning. When she returned that afternoon she found that a back window had been broken out and her house ransacked. Items found missing included a radio, a stereo and tapes, frozen foods, a camera and a lawnmower. Williams stated that two days later she accompanied an officer to defendant Gordon's house and found her missing property.

Mrs. Laverne Burwell, a neighbor of Williams, testified that about 1:10 p.m. on 9 September 1975 she saw defendant Majette and another man coming out of the back door of the Williams house.

Defendants presented evidence of alibi. The jury found each defendant guilty as charged and from a judgment imposing prison sentences defendants appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Jerry B. Fruitt, for the State.*

*Rogers and Senter, by J. Larry Senter, for defendant appellants.*

ARNOLD, Judge.

[1]   Defendants assert that the court erred in allowing the State's motion to join their trials. They argue that the State

failed to comply with G.S. 15A-951(a)(2) and (3) which requires the grounds for the motion and the relief sought to be set forth in writing. Their argument is without merit. The written motion cited G.S. 15A-926, the joinder statute, as grounds for the motion, and the relief sought was adequately set forth, i.e., the joinder of the two cases for trial.

There is also no merit to defendants' contention that the court abused its discretion in allowing the joinder because defendants were not given adequate notice. Each defendant was indicted for the same offenses. We can find no abuse of discretion by the trial judge, and no prejudice to defendants by the joinder of their trials.

[2] Defendants contend that the trial judge improperly defined reasonable doubt in his initial definition of reasonable doubt. His Honor later instructed on the meaning of reasonable doubt substantially as approved in *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133 (1954), but defendants assert the initial definition of "reasonable doubt" in terms of a "possibility of innocence" was error. While the phrase "possibility of innocence" has not been approved it has been held to be more favorable to defendants than approved phrases, and thus defendants show no prejudice in this portion of the charge. *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745 (1972) ; *State v. West,* 21 N.C. App. 58, 203 S.E. 2d 86 (1974) ; *State v. Greene,* 17 N.C. App. 51, 193 S.E. 2d 331 (1972) ; *State v. Edwards,* 15 N.C. App. 718, 189 S.E. 2d 492 (1972) ; *State v. Chaney,* 15 N.C. App. 166, 189 S.E. 2d 594 (1972) ; *State v. Perry,* 13 N.C. App. 304, 185 S.E. 2d 467 (1971).

[3] Defendants also contend that the trial judge invaded the province of the jury and showed favoritism to the State's case by giving the jury written instructions with respect to the elements of felonious breaking and entering and felonious larceny pursuant to breaking or entering. The written instructions given the jury correctly stated the elements of each crime, and on the authority of *State v. Frank,* 284 N.C. 137, 146, 147, 200 S.E. 2d 169 (1973), we find no error in His Honor's use of written instructions.

[4] Defendant Majette assigns error to the failure of the trial judge to limit his instructions regarding the doctrine of possession of recently stolen property to defendant Gordon. There is merit in his position. The State's evidence established that the

property was found two days after it was stolen in defendant Gordon's house. In his charge the trial judge instructed the jury to apply the doctrine of possession of recently stolen property to both defendants.

The doctrine of possession of recently stolen property is a factual presumption whereby a person found in the unexplained possession of recently stolen property is presumed to be the thief. *State v. Lewis,* 281 N.C. 564, 189 S.E. 2d 216 (1972) ; *State v. Fink,* 26 N.C. App. 430, 216 S.E. 2d 473 (1975). No evidence was presented which tended to show that defendant Majette was ever in possession, actual or constructive, of the recently stolen property. The instructions to apply the doctrine of possession of recently stolen property were prejudicial error as to defendant Majette.

As to defendant Gordon—no error.

As to defendant Majette—new trial.

Judges PARKER and HEDRICK concur.