STATE OF NORTH CAROLINA v. BERNARD GAITEN

No. 7026SC222

(Filed 6 May 1970)

**1. Appeal and Error § 45— abandonment of assignments of error**
    Assignments of error not set out in the brief are deemed abandoned.
    Court of Appeals Rule No. 28.

**2. Criminal Law § 88; Witnesses § 8— cross-examination — refusal
    to allow court reporter to read testimony given on direct examination**
    In this prosecution for common law robbery, the trial court did not err
    in refusing to allow the court reporter to read to the jury certain portions
    of the testimony of the prosecuting witness after the witness denied on
    cross-examination that he had testified to a certain fact, and counsel
    asked the court reporter to find the testimony and read it back.

APPEAL by defendant from *Beal, J.,* 17 November 1969, Schedule
D Session, MECKLENBURG Superior Court.

Defendant was charged in a bill of indictment with the offense of
common law robbery from the person of Henry James Reeves on 7
July 1969. Upon his plea of not guilty defendant was tried by jury
which found him guilty as charged. From the verdict and judgment
of imprisonment for a term of five years defendant appealed.

*Attorney General Morgan, by Staff Attorney Murray, for the
State.*

*Hicks and Harris, by Richard F. Harris, III, for defendant.*

BROCK, J.

**[1]** Defendant's exceptions grouped under his assignments of error
Nos. 3, 4, 5, and 8 are not set out in his brief; therefore, they are
deemed abandoned by him. Rule 28, Rules of Practice in the Court
of Appeals of North Carolina.

Assignments of error Nos. 1, 2, and 6 relate to exceptions taken
to the admission and exclusion of evidence. These assignments of
error present no new or unusual question and we see no useful pur-
pose in a detailed discussion. It is sufficient to say that we find no
prejudicial error in the rulings of the trial judge which are challenged
by these assignments of error, and they are, therefore, overruled.

**[2]** Assignment of error No. 7 is to the refusal of the trial judge
to allow the court reporter to read to the jury certain portions of
the testimony of the prosecuting witness. During defendant's cross-

examination of the prosecuting witness, defense counsel asked the witness if he had not testified to a certain fact on direct examination; when the witness denied that he had, counsel asked the court reporter to find the testimony and read it back. The trial judge intervened and advised counsel that he should proceed with the cross-examination. We agree with the trial judge's action upon this matter. This assignment of error is overruled.

Assignments of error Nos. 9, 10, 11, 12, and 13 are to portions of the trial judge's charge to the jury. When the charge is considered as a whole, which must be done in order to gather its meaning as conveyed to the jury, we find no prejudicial error.

No error.

BRITT and GRAHAM, JJ., concur.