STATE OF NORTH CAROLINA v. JOHN TILLMAN, JR.

No. 745SC371

(Filed 7 August 1974)

1. **Criminal Law § 166— abandonment of assignments of error**
    Assignment of error not brought forward and argued in the brief is deemed abandoned.

2. **Criminal Law §§ 6, 29— mental capacity — intoxication**
    In this prosecution for felonious breaking and entering wherein defendant testified that he had been drinking wine the day the offense occurred and does not remember committing it, the record does not show on its face that defendant lacked the mental capacity to stand trial, the trial court did not err in failing to recess the trial and order a psychiatric evaluation of defendant absent a request therefor, and the trial court did not err in failing to submit the question of defendant's mental capacity to the jury.

APPEAL by defendant from *Cohoon, Judge,* 10 December 1973 Session of NEW HANOVER County Superior Court.

The defendant was charged in a bill of indictment with the felony of breaking and entering with the intent to commit larceny. A plea of not guilty was entered and a verdict of guilty as charged was returned. From an active sentence of eight years imposed thereon, the defendant gave notice of appeal.

Facts necessary for the determination of this case are set forth in the opinion.

*Attorney General Robert Morgan, by Associate Attorney John R. Morgan for the State.*

*James D. Smith for the defendant-appellant.*

CARSON, Judge.

[1] The only assignment of error presented by the defendant in the record on appeal is his allegation that the trial court committed error by instructing the jury as to breaking or entering and emphasizing the "or" since the indictment charged breaking and entering. Apparently, counsel for defendant has realized that this assignment of error is without merit, for he did not bring it forward in his brief nor cite any authority in support of his position. The defendant, therefore, is deemed to have waived his one assignment of error and the appeal must be dismissed. *State v. Gaiten,* 8 N.C. App. 66, 173 S.E. 2d 646 (1970);

*State v. Black,* 7 N.C. App. 324, 172 S.E. 2d 217 (1970) ; Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

**[2]** In his brief the defendant has presented three reasons to this court why he feels that he is entitled to a new trial. Despite the fact that they are improperly presented, we have given them full consideration and find them to be without merit.

The defendant first contends that the record shows on its face that he lacked the mental capacity to stand trial and assist in his own defense. The defendant had testified that he had been drinking wine all afternoon on the day the offense took place and does not remember going into the Boy Scouts building. On cross-examination the defendant admitted that he had been convicted of breaking and entering on several previous occasions. The record does not show that defendant was incapable of standing trial.

The defendant next contends that the trial court abused its discretion in failing to recess the trial and order a psychiatric evaluation of the defendant. The record shows that the defendant did not request such a recess and evaluation. Absent such a request, clearly, the trial court did not abuse its discretion.

Finally, the defendant argues that the trial court abused its discretion in failing to submit the question of his mental capacity to the jury, even though the defendant did not request such instructions. Insanity is an affirmative defense and the burden of carrying it is upon the defendant. *State v. Wood,* 230 N.C. 740, 55 S.E. 2d 491 (1949) ; *State v. Harris,* 223 N.C. 697 28 S.E. 2d 232 (1943). No evidence was presented at the trial which would tend to show that the defendant was insane. Voluntary intoxication is not a defense. *State v. Wilson,* 280 N.C. 674, 187 S.E. 2d 22 (1972) ; *State v. Potts,* 100 N.C. 457, 6 S.E. 657 (1888).

Appeal dismissed.

Judges BRITT and HEDRICK concur.